## Case No. 15,490.
### UNITED STATES v. JOHNSTON.
[1 Cranch. C. C. 237.] [1]
Circuit Court, District of Columbia.  June Term, 1805.
ALIENS AS JURORS—ASSAULT—EVIDENCE.

1. An alien cannot be a petit juror, because he cannot be a freeholder; but see Young v. Marine Ins. Co. [Case No. 18,162].

2. In an indictment against one of several who made a joint assault, the acts of the others at the same time may be given in evidence.

Indictment for assault and battery and resisting a collector of militia fines.

A juror called to be sworn, who was an alien, was rejected by the court. See New Rev. Code, 101, c. 73. § 12, 29th of November, 1792.

Mr. Swann, for the defendant, objected to evidence of what was done by Glover in company with Johnston, at the time of the assault and battery.

Mr. Youngs, on the same side. The United States have chosen to consider it as two separate assaults by indicting them separately.

PER CURIAM (nem. con.). The conduct of every person joining in the assault may be given in evidence. The evidence offered is admissible.

## Case No. 15,491.
### UNITED STATES v. JONES.
[14 Blatchf. 90.] [2]
Circuit Court, S. D. New York.  Jan. 10, 1877.
PERJURY—FALSE SWEARING ON APPLICATION FOR NATURALIZATION—EVIDENCE.

On an application to a state court for the naturalization of a foreigner, J. testified, as a wit-

[1] [Reported by Hon. William Cranch. Chief Judge.]
[2] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

ness, that he was well acquainted with the applicant. It appeared that he was a total stranger to the applicant, and volunteered as a witness. Held, that this was sufficient evidence to warrant a conviction of J., on an indictment for perjury, under section 5392 of the Revised Statutes.

This was an indictment, under section 5392 of the Revised Statutes, for perjury, in swearing, as a witness, upon an application made to a state court for the naturalization of a foreigner. After conviction, the defendant [George Jones] moved for a new trial, on the ground that there was not sufficient evidence to support the verdict. The evidence showed that the defendant, at the time of an application to the state court for the naturalization of a foreigner, testified before the court, in behalf of the applicant, that he was well acquainted with the applicant, and that the applicant had lived in the United States for five years, and, during that period, had behaved as a man of good moral character. The prosecution showed, by the testimony of the applicant himself, that he had no acquaintance with the defendant, and that the defendant was a total stranger to him. It also appeared, that, at the time the applicant appeared before the court, the defendant was loitering about the door of the court room, having no apparent business there, and that, without any previous request or suggestion from the applicant, he accosted the applicant, and volunteered to be the witness upon his application to the court.

Benjamin B. Foster, Asst. U. S. Dist. Atty. Abram J. Dittenhoefer, for defendant.

BENEDICT, District Judge. The testimony given by the defendant, that he was well acquainted with the applicant, implied a mutual acquaintance, and was contradicted by the evidence of the applicant, that he had never known the defendant. This evidence, coupled with the evidence as to the circumstances under which the oath was made, and the absence of any evidence tending to show previous acquaintance, was sufficient to warrant the verdict.